LILLIE PITMAN PENDLEY v. JOY NADINE AYERS

No. 7924SC585

(Filed 18 March 1980)

Rules of Civil Procedure § 55.1— default judgment on liability issue — order for trial on damages issue — entry of default — motion to set aside — good cause standard

    A judgment by a superior court judge which determined the issue of liability in a personal injury action and ordered a trial on the issue of damages was only an entry of default rather than a default judgment since it was not a final judgment. Therefore, the trial court erred in applying the "mistake, inadvertence, surprise or excusable neglect" standard of Rule 60(b)(1) rather than the "good cause shown" standard of Rule 55(d) in ruling on defendant's motion to set aside its judgment, and the cause is remanded for a determination of whether good cause exists to set aside the entry of default.

ON writ of certiorari to review order entered by *Howell,* *Judge.* Order entered 22 March 1979 in Superior Court, MITCHELL County. Heard in the Court of Appeals 18 January 1980.

Plaintiff filed this action on 15 March 1978 against defendant for damages for personal injuries arising out of an automobile collision near Burnsville. Defendant was personally served on 17 March 1978 and did not answer the complaint or otherwise plead. On 12 May 1978, plaintiff moved pursuant to G.S. 1A-1, Rule 55, of the Rules of Civil Procedure for entry of default against defendant. Entry of Default was entered by the Clerk of Superior Court. On 15 May 1978, Judge Kirby entered the following order: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment against the defendant, JOY NADINE AYERS, be entered in favor of the plaintiff, and, further, that this action be placed on the trial calendar of the Superior Court of Mitchell County for determination of damage by a jury."

On 5 September 1978, defendant moved to set aside the Entry of Default and the "purported" judgment and to grant defendant leave to file answer on the grounds that the failure of defendant to file answer within the time allowed by law was the result of mistake, inadvertence, or excusable neglect.

"(b) There is pending in Superior Court of this county, an action styled *DUNCAN v AYERS v PENDLEY,* 78CVS10, which involves claims arising out of the automobile accident which is the subject matter of the complaint in this action. The parties to that lawsuit are parties to this action and the plaintiff herein was served with a third-party summons and complaint in the other action on or about 24 March 1978.

(c) As shown by the attached answer, the defendant has a meritorious defense to the claim stated in the complaint herein.

(d) By virtue of the service of the third-party summons and complaint in 78CVS10 upon the plaintiff in this cause, the plaintiff had notice of the defenses and contentions of the defendant in this action with reference to plaintiff's claims herein prior to the entry of default in this matter and it is in the interests of justice and would cause no undue hardship to the plaintiff if the default herein be set aside."

This motion was denied.

*Bruce Briggs, for plaintiff appellee.*

*Morris, Golding, Blue & Phillips, by Steven Kropelnicki, Jr., and William C. Morris, Jr., for defendant appellant.*

ERWIN, Judge.

The question before us is: Did the trial court err in denying defendant's motion to set aside default where the record shows that at the hearing on said motion, the trial court found defendant to be negligent in failing to deliver the copies of summons and complaint to either her insurance representative or her attorney and that defendant has alleged facts, which if true, would constitute a meritorious defense? We hold that error occurred for the reasons that follow.

The official comment of G.S. 1A-1, Rule 55, of the Rules of Civil Procedure states:

"Note next that the delineation between judges' and clerks' power is not the delineation between judgments by 'default final' and those by 'default and inquiry.' This distinction indeed is not retained in literal terms in the federal rule pattern. Obviously those very limited judgments within the power of the clerk to enter are judgments by default final. But the judge may enter either type under 55(b)(2). Instead of using this terminology, however, the rule as presented approaches the matter pragmatically by providing that when in order to enter final judgment something further must be done after entry of default, e.g. when an account must be taken or a jury trial had on an issue of damages or any other, the judge orders that done which is necessary. Thus, there is no intermediate judgment by 'default and inquiry,' but an entry of default in all cases and a final judgment by default entered only after everything required to its entry has been done. The same conceptions were involved in former § 1-212."

The purported judgment entered herein was an entry of default. An entry of default is not a final order or a final judgment. *Acoustical Co. v. Cisne and Associates*, 25 N.C. App. 114, 212 S.E. 2d 402 (1975); *Trust Co. v. Construction Co.*, 24 N.C. App.

131, 210 S.E. 2d 97 (1974). *See Annot.* 8 A.L.R. 3d 1272 (1966); 4 Am. Jur. 2d, Appeal and Error, § 127 (1962).

Pursuant to Rule 21(a) of the Rules of Appellate Procedure, we will treat this appeal as a petition for writ of certiorari and will allow it, in that we have determined that error occurred.

Judge Campbell stated for this Court in *Whaley v. Rhodes*, 10 N.C. App. 109, 111-12, 177 S.E. 2d 735, 737 (1970):

> "In *Teal v. King Farms Co.*, 18 F.R.D. 447 (E.D. Pa. 1955), Chief Judge Kirkpatrick set forth some of the distinctions between setting aside an entry of default and setting aside a default judgment.
>
> > 'A default, but no judgment having been entered, the defendant's motion is governed by the first clause of Fed. Rules Civ. Proc. rule 55(c), 28 U.S.C. which is "For good cause shown the court may set aside an entry of default**." The rules evidently make a distinction between what is required to make a good case for setting aside a default and what is required to set aside a judgment. The latter specifies "mistake, inadvertence, surprise, or excusable neglect." This has been construed to mean that the mistake, inadvertence, or surprise, as well as neglect, must be excusable in order to give the Court the power to set aside the judgment.
> >
> > To set aside a default all that need be shown is good cause. There would be no reason for the distinction unless Rule 55(c) intended to commit the matter entirely to the discretion of the Court, to be exercised, of course, within the usual discretionary limits. Thus, I think that inadvertence, even if not strictly "excusable," may constitute good cause, particularly in a case like the present where the plaintiff can suffer no harm from the short delay involved in the default and grave injustice may be done to the defendant.'
>
> It is clear, under the federal cases, that a determination of whether or not good cause exists rests in the sound discretion of the trial judge, and that the facts and circumstances of the particular case govern. *Elias v. Pitucci*, 13 F.R.D. 13 (E.D. Pa. 1952). See also *Mitchell v. Eaves, supra; Kulakowich*

*v. A/S Borgestad*, 36 F.R.D. 185 (E.D. Pa. 1964). An action of the trial judge as to a matter within his judicial discretion will not be disturbed unless a clear abuse of discretion is shown. *Welch v. Kearns*, 261 N.C. 171, 134 S.E. 2d 155 (1964)."

Judge Howell was required to find whether defendant had shown good cause for setting aside the default. The test applied by Judge Howell related to setting aside a final judgment. For this reason, his order must be vacated, and the cause is remanded for a hearing to determine whether defendant has shown good cause sufficient enough to set aside the default. The determination is for the trial judge in the exercise of his sound discretion, and such determination is interlocutory. *Whaley v. Rhodes, supra.*

The order entered is vacated and remanded in keeping with this opinion.

Vacated and remanded.

Judges MARTIN (Robert M.) and WELLS concur.