ADA PEARL STONE AND CECIL GLYNN JERNIGAN, INDIVIDUALLY AND AS SHAREHOLDERS OF CREEKSIDE ENTERPRISES, INC. v. R. L. MARTIN, JR. AND LARRY G. SANDERFORD AND CREEKSIDE ENTERPRISES, INC.

No. 8310SC817

(Filed 17 July 1984)

### 1. Appeal and Error § 20— nonappealable interlocutory order—certiorari

The Court of Appeals has authority to issue a writ of certiorari to review a trial court order when no right of appeal from an interlocutory order exists; furthermore, grant of certiorari by another panel of the Court of Appeals was the law of the case and could not be overruled by any other panel of the Court.

### 2. Courts § 9.6; Rules of Civil Procedure § 37— failure to make discovery—sanctions discretionary and interlocutory—trial judge's authority to set aside

All of the G.S. 1A-1, Rule 37(b) sanctions, including striking defendants' answers, ordering them not to oppose plaintiffs' claims, and ordering a default judgment (clearly meant by the judge to be only entry of default), imposed by one trial judge for defendants' failure to comply with a discovery order were discretionary and interlocutory, leaving a second judge the right, in his discretion, to set aside the sanctions if a change of circumstances warranted such action. Findings by the trial judge that defendants had relied upon the good faith advice of counsel not to answer the discovery requests because the information was privileged, that this advice was reasonably based on then-existing case law, that appellate decisions had restricted the scope of the privilege during the course of defendants' appeal to their detriment, and that defendants were willing to comply with the discovery order since the Court of Appeals rejected their claim of privilege supported the trial court's finding that a significant change of circumstances had taken place since imposition of the sanctions.

ON certiorari to review order entered 29 November 1982 by *Farmer, Judge,* in Superior Court, WAKE County. Heard in the Court of Appeals 3 May 1984.

Plaintiffs, shareholders in defendant corporation, brought this action for compensatory damages, punitive damages, arrest and bail, and body execution of the individual defendants for their alleged malfeasance in conducting the affairs of the corporation. Plaintiffs served interrogatories and requests for admission on

the individual defendants, who refused to answer, claiming the privilege against self-incrimination.

Defendants continued to assert their claim of privilege after Judge Preston ordered them to comply with most of the discovery requests. Judge Lee consequently imposed sanctions pursuant to G.S. 1A-1, Rule 37(b), which sanctions included striking the individual defendants' answers, ordering them not to oppose the claims in the complaint, adjudging them to be in default, and ordering a trial to determine the amount of the judgment to be entered. Defendant Martin appealed from the order imposing sanctions.

This Court affirmed that order in a decision reported at 53 N.C. App. 600, 281 S.E. 2d 402 (1981). Upon petition for rehearing, that opinion was withdrawn and superseded by an opinion reported at 56 N.C. App. 473, 285 S.E. 2d 866 (1982). The latter opinion affirmed Judge Lee's order on the ground that the information which was the subject of the discovery order would not necessarily tend to subject defendants to punitive damages and body execution and thus did not fall within the constitutional privilege against self-incrimination.

The individual defendants then moved that the trial court set aside the order of default and allow them to comply with the discovery order. Judge Farmer granted their motions; and this Court, upon plaintiffs' petition, issued a writ of certiorari allowing review of that order.

*Brenton D. Adams and Woodall, McCormick & Felmet, by Edward H. McCormick, for plaintiff appellants.*

*Hunter, Wharton & Howell, by John V. Hunter, III, for defendant appellee R. L. Martin, Jr.*

WHICHARD, Judge.

Defendant Martin asserts that plaintiffs' appeal should not be heard at this time because it is interlocutory and does not affect a substantial right. While the argument is not properly raised as a cross-assignment of error pursuant to N.C. R. App. P. 10(d), we choose to address it.

[1, 2]  This Court has authority to issue a writ of certiorari to review a trial court order "when no right of appeal from an interlocutory order exists." N.C. R. App. P. 21(a)(1). That authority was exercised by another panel of this Court with respect to the matters presented. Its grant of certiorari is the law of the case and cannot be overruled by this or any other panel of the Court of Appeals. *N.C.N.B. v. Virginia Carolina Builders*, 307 N.C. 563, 566-67, 299 S.E. 2d 629, 631-32, *rehearing denied*, 307 N.C. 703 (1983).

Plaintiffs contend that Judge Farmer effectively conducted appellate review, without jurisdiction to do so, when he set aside the sanctions imposed by another superior court judge. In general, one superior court judge may not modify, overrule, or change the judgment of another previously made in the same case. *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E. 2d 484, 488 (1972). However, a superior court "judge has the power to modify an interlocutory order made by another whenever there is a showing of changed conditions which warrant such action." *Id.* at 502, 189 S.E. 2d at 488. Modification or change of an interlocutory order is proper where (1) the order was discretionary, and (2) there has been a change of circumstances. *Id.; see also Greene v. Charlotte Chemical Laboratories, Inc.*, 254 N.C. 680, 693, 120 S.E. 2d 82, 91 (1961).

The sanctions imposed by Judge Lee were in the nature of a discretionary interlocutory order. A trial judge may impose such of the sanctions enumerated in G.S. 1A-1, Rule 37(b)(2) as he determines "are just." The matter thus is within the trial court's discretion. The sanctions, which included striking defendants' answers, ordering them not to oppose plaintiffs' claims, and ordering a default judgment, were also interlocutory. Although Judge Lee ordered "a judgment of default," he clearly intended only entry of default, since he further ordered a trial on the issue of damages. Generally, there is first an interlocutory entry of default, and then a final judgment by default only after the requisites to its entry, including a jury trial on damages, have occurred. *See* G.S. 1A-1, Rule 55 comment. In *Pendley v. Ayers*, 45 N.C. App. 692, 263 S.E. 2d 833 (1980), as here, the trial court had ordered a default judgment and a trial on damages. This Court held: "The purported judgment entered herein was an entry of

default. An entry of default is not a final order or a final judgment." *Id.* at 694, 263 S.E. 2d at 834.

Judge Farmer had authority to set aside the default sanction both because it was a discretionary, interlocutory order, *see Calloway, supra*, 281 N.C. at 502, 189 S.E. 2d at 488-89, and because G.S. 1A-1, Rule 55(d) specifically allows the trial court to set aside an entry of default "for good cause shown." "The determination [of whether good cause has been shown] is for the trial judge in the exercise of his sound discretion. . . ." *Pendley, supra*, 45 N.C. App. at 696, 263 S.E. 2d at 835.

The other sanctions ordered by Judge Lee merely reenforced the entry of default sanction. They too were interlocutory, since they did not conclude the action but left the damages issue still to be tried. All the sanctions imposed for defendants' failure to comply with the discovery order thus were discretionary and interlocutory, leaving Judge Farmer the right, in his discretion, to set aside the sanctions if a change of circumstances warranted such action. *Calloway, supra.*

Judge Farmer noted in his findings that defendants had relied upon the good faith advice of counsel not to answer the discovery requests because the information was privileged, and that this advice was reasonably based on then-existing case law. He also found that appellate decisions had restricted the scope of the privilege during the course of defendants' appeal, to their detriment. This finding, coupled with the fact that defendants have been willing to comply with the discovery order since this Court rejected their claim of privilege, constitutes a significant change of circumstances since Judge Lee's imposition of sanctions. Judge Farmer found and concluded that good cause was shown for setting aside the sanctions. "[T]he determination of whether good cause [to set aside an entry of default] has been shown rests within the discretion of the trial judge and will not be disturbed absent an abuse of discretion." *Bailey v. Gooding*, 60 N.C. App. 459, 463, 299 S.E. 2d 267, 270, *disc. rev. denied*, 308 N.C. 675, 304 S.E. 2d 753 (1983). We find no abuse of discretion in Judge Farmer's order setting aside the entry of default and the other sanctions which reenforced it.

Our affirmance of the order also accords with the policy of allowing every litigant the opportunity to present his case. "In-

asmuch as the law generally disfavors default judgments, any doubt should be resolved in favor of setting aside an entry of default so that the case may be decided on its merits." *Peebles v. Moore*, 48 N.C. App. 497, 504-05, 269 S.E. 2d 694, 698 (1980), *modified*, 302 N.C. 351, 275 S.E. 2d 833 (1981).

Plaintiffs contend the trial court erred in limiting their cross-examination of defendant Martin and his attorney concerning why defendants refused to comply with the discovery order. Plaintiffs' cross-examination, however, attempted to range beyond the scope of the hearing before Judge Farmer and to develop the merits of the case. The affidavit and testimony of defendant Martin were limited to a statement that he relied on his attorney's advice not to answer the discovery requests, which advice was grounded in the attorney's understanding of existing case law. Plaintiffs then tried to ascertain, by inquiring as to the substance and incriminating nature of communications between defendant Martin and the attorney, whether the attorney gave his advice in good faith. The information plaintiffs sought fell within the attorney-client privilege; that privilege was not waived since the cross-examination attempted to delve into matters far beyond the scope of the direct testimony and affidavits.

The trial court properly refused plaintiffs' request to have the privileged information put in the record for purposes of appellate review. Normally, excluded evidence must be placed in the record if offered, "unless it clearly appears . . . that the witness is privileged." G.S. 1A-1, Rule 43(c). "[I]f the exclusion is based upon a claim of privilege, disclosure of the answer should not be required, as it would in some sense destroy the very privilege ostensibly recognized . . . ." 1 H. Brandis, North Carolina Evidence § 26, at 96 (1982).

Affirmed.

Judges WEBB and HILL concur.