SAMUEL W. DUNCAN, PETITIONER v. TREACY DUNCAN, MARVIN CURTIS, AND DUNCAN REALTY, INC., RESPONDENTS

No. 9030SC633

(Filed 5 March 1991)

**1. Rules of Civil Procedure § 55 (NCI3d) — entry of default — interlocutory order — no review on appeal**

    The trial court's order that the clerk should sign and file the entry of default if that had not already been done

and then setting for hearing a determination as to the money and property taken, damages caused, and "all other things" taken was not a final order or final judgment but was an interlocutory entry of default not subject to review by the Court of Appeals. N.C.G.S. § 1A-1, Rule 55.

**Am Jur 2d, Appeal and Error § 115.**

2. **Rules of Civil Procedure § 4 (NCI3d)— summons not issued in time allowed — second summons issued — new action commenced**

Even if summons did not issue within five days of filing of the complaint, the second summons commenced a new action on the date it was issued. N.C.G.S. § 1A-1, Rule 4(a).

**Am Jur 2d, Process §§ 63, 64.**

APPEAL by respondent Marvin Curtis from order entered 2 April 1990 by *Judge Hollis M. Owens, Jr.*, in CHEROKEE County Superior Court. Heard in the Court of Appeals 22 January 1991.

On 8 July 1988, petitioner filed a "Petition for Dissolution" naming Treacy Duncan, Marvin Curtis, and Duncan Realty, Inc., as respondents and requesting in part that the court dissolve Duncan Realty, Inc., that respondents be removed as officers, and that respondents reimburse the corporation for monies taken or for damages caused by them. A civil summons was issued and served on Treacy Duncan on 6 July 1988. On 28 September 1988, Treacy Duncan filed an answer and counterclaims. On 1 August 1989, Treacy Duncan moved for imposition of sanctions, and on 4 August she moved for a continuance. Following a hearing in which Treacy Duncan made a motion *ore tenus* to complete service upon Marvin Curtis and Duncan Realty, Inc., the trial court filed an order for a summons to be issued against Marvin Curtis and Duncan Realty, Inc. on 30 August 1989.

On 26 January 1990, a civil summons was issued and on 1 February 1990 was served on Marvin Curtis. On 21 March 1990, attorneys for petitioner and Treacy Duncan executed a "Motion for Entry of Default" moving the court for entry of default and judgment by default and executed a notice of hearing on entry of default. On 28 March 1990, Curtis filed a motion to dismiss pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure and later the same day filed a motion for enlargement

DUNCAN v. DUNCAN

[102 N.C. App. 107 (1991)]

of time. On 29 March 1990, Curtis filed a notice of hearing on 11 June 1990.

Following a hearing, on 2 April 1990 at 3:05 p.m., the trial judge filed an order which stated in part:

CONCLUSIONS OF LAW AND FACTS

That the Clerk shall sign and file the Entry of Default, if not already signed and filed.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That this matter be set for hearing to determine:

(a) what monies and properties were taken from Duncan Realty, Inc., what reimbursement shall be made to Duncan Realty, Inc. by Marvin Curtis, what amount of damages were caused by the acts of the Respondent, Marvin Curtis, to said corporation, that should be paid;

(b) To determine the amount of money that has been collected by Marvin Curtis under the notes and deeds of trust and should, therefore, be returned to the corporation;

(c) To determine all other things that Marvin Curtis has taken that rightfully belong to the corporation and enter an order requiring they be returned to the corporation;

2. That Marvin Curtis be and he is hereby removed as an officer and director of the corporation, Duncan Realty, Inc.

Also, at 3:05 p.m., the clerk of court filed an entry of default. Later the same day Curtis filed a motion to set aside the entry of default.

From the order filed 2 April 1990, respondent Marvin Curtis appeals.

*Hyler & Lopez, P.A., by George B. Hyler, Jr., and Robert J. Lopez, for petitioner-appellee Samuel W. Duncan.*

*Gerald R. Collins, Jr., for respondent-appellant Marvin Curtis.*

*Coward, Sossomon, Hicks & Beck, P.A., by Orville D. Coward, for respondent-appellant Treacy Duncan.*

DUNCAN v. DUNCAN

[102 N.C. App. 107 (1991)]

ORR, Judge.

[1] Respondent puts forth several assignments of error contesting the validity of the trial court's order. However, for the reasons below, we conclude that the order entered by the trial court was not a final judgment but, instead, was an entry of default not subject to review here.

N.C. Gen. Stat. § 1A-1, Rule 55 (1990) provides:

(a) *Entry.*—When a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute and that fact is made to appear by affidavit, motion of attorney for the plaintiff, or otherwise, the clerk shall enter his default.

(b) *Judgment.*—Judgment by default may be entered as follows:

(1) By the Clerk.—. . . .

(2) By the Judge.—In all other cases the party entitled to a judgment by default shall apply to the judge therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a guardian ad litem or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he . . . shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. If, in order to enable the judge to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to take an investigation of any other matter, the judge may conduct such hearings or order such references as he deems necessary. . . .

The official comment to Rule 55 states:

[W]hen in order to enter final judgment something further must be done after entry of default, e.g. when an account must be taken or a jury trial had on an issue of damages or any other, the judge orders that done which is necessary. Thus, there is no intermediate judgment by "default and in-

quiry," but an entry of default in all cases and a final judgment by default entered only after everything required to its entry has been done.

Where a trial court ordered a trial on the issue of damages in its "judgment by default," this Court stated that the trial court "clearly intended only entry of default." *Stone v. Martin*, 69 N.C. App. 650, 652, 318 S.E.2d 108, 110 (1984). In *Stone* we stated:

> Generally, there is first an interlocutory entry of default, and then a final judgment by default only after the requisites to its entry, including a jury trial on damages, have occurred. *See* G.S. 1A-1, Rule 55 comment. In *Pendley v. Ayers*, 45 N.C. App. 692, 263 S.E.2d 833 (1980), as here, the trial court had ordered a default judgment and a trial on damages. This Court held: "The purported judgment entered herein was an entry of default. An entry of default is not a final order or a final judgment." *Id.* at 694, 263 S.E.2d at 834.

*Id.* at 652-53, 318 S.E.2d at 110.

Here the trial court in its findings of fact referred to petitioner's "Motion for Entry of Default" and concluded that "the Clerk shall sign and file the Entry of Default, if not already signed and filed." The trial court then set for hearing a determination as to the money and property taken, damages caused, and "all other things" taken. We conclude that here the order entered by the trial court was not a final order or final judgment but was an interlocutory entry of default and not subject to review here.

[2] We also note respondent's contention regarding a possible violation of N.C. Gen. Stat. § 1A-1, Rule 4(a) (1990), which provides that "[u]pon the filing of the complaint, summons shall be issued forthwith, and in any event within five days." In *Stokes v. Wilson and Redding Law Firm*, 72 N.C. App. 107, 111, 323 S.E.2d 470, 474 (1984), *disc. review denied*, 313 N.C. 612, 332 S.E.2d 83 (1985), we stated that

> [a]lthough N.C. Gen. Stat. § 1A-1, Rule 4(a) (1983) is clear and unambiguous in its requirement that "upon the filing of the complaint, summons shall be issued forthwith, and in any event, within five days," our Court has recognized that a properly issued and served second summons can revive and commence a new action on the date of its issuance.

Thus, here the second summons commenced a new action on 26 January 1990, the date it was issued.

Appeal dismissed.

Chief Judge HEDRICK and Judge WELLS concur.