LOUIS MOORE, JR., Plaintiff-Appellee v. FRANK AND MARY LOU SULLIVAN, Defendant-Appellants

No. COA95-1075

(Filed 20 August 1996)

**1. Judgments § 157 (NCI4th)— answer not timely filed—less than all defendants in default—entry of default improper**

The trial court erred in entering a default judgment against defendants because their answer, though untimely filed, was nevertheless filed before the trial court made an entry of default against them.

**Am Jur 2d, Judgments § 286.**

**Opening default or default judgment claimed to have been obtained because of attorney's mistake as to time or place of appearance, trial, or filing of necessary papers. 21 ALR3d 1255.**

**2. Discovery and Depositions § 68 (NCI4th)— failure to answer interrogatories—default as sanction—joint liability—defaulting and nondefaulting parties**

The trial court should not have imposed the sanction of default on the female defendant for failure to answer plaintiff's interrogatories where the interrogatories were addressed only to the male defendant. Furthermore, where joint liability was alleged, the trial court should have adjudicated the nondefaulting female defendant's liability before determining whether to enter a default judgment as a sanction against the defaulting male defendant.

**Am Jur 2d, Depositions and Discovery §§ 391, 391.**

MOORE v. SULLIVAN

[123 N.C. App. 647 (1996)]

**Dismissal of state court action for failure or refusal of plaintiff to answer written interrogatories. 56 ALR3d 1109.**

**Judgment in favor of plaintiff in state court action for defendant's failure to obey request or order to answer interrogatories or other discovery questions. 30 ALR4th 9.**

Appeal by defendants from judgment entered 17 December 1993 and order entered 13 March 1995 by Judge D. Jack Hooks, Jr. in Brunswick County Superior Court. Heard in the Court of Appeals 21 May 1996.

On 26 March 1992, Louis Moore, Jr. (hereinafter plaintiff) filed a complaint against Frank and Mary Lou Sullivan and Brunswick Timber Corporation. Plaintiff alleged that Frank and Mary Lou Sullivan had attempted to sell standing timber on plaintiff's land to Brunswick Timber Corporation and that Brunswick had cut and sold the timber. Plaintiff alleged that defendants were jointly and severally liable for the fair market value of the cut timber.

The Sullivans were served with process on 1 April 1992. On 27 April 1992, defendants moved for an extension of time to answer and the trial court granted an extension until 27 May 1992. On 7 June 1992, plaintiff served interrogatories on Frank Sullivan. On 1 July 1993, plaintiff moved that "default be entered" against Frank and Mary Lou Sullivan for their failure to answer the interrogatories or file any other responsive pleading. The hearing on plaintiff's motion was scheduled for 6 July 1993. At 9:51 a.m. on 6 July 1993, Frank and Mary Lou Sullivan filed an answer to plaintiff's complaint claiming that the land on which Brunswick had cut timber belonged to Mary Lou Sullivan. At the hearing on 6 July 1993, Judge Orlando F. Hudson, Jr. struck the Sullivans' answer and entered a "judgement [sic] by default" against the Sullivans. The trial court retained jurisdiction of the matter on the issue of damages and awarded plaintiff $475 "for legal services expended in seeking compliance with the Rules of Discovery."

On 4 October 1993, plaintiff filed a voluntary dismissal with prejudice as to Brunswick Timber Corporation. After a hearing on 16 December 1993, Judge D. Jack Hooks, Jr. concluded that the value of the cut timber was $6,000 and that plaintiff was entitled to $12,000 in damages after doubling the value pursuant to G.S. 1-539.1. Judge Hooks denied the Sullivans' (hereinafter defendants) motion for a new trial on 13 March 1995.

Defendants appeal.

*Frank Cherry for plaintiff-appellee.*

*Peterson & Becker, by R. Glen Peterson, for defendant-appellants.*

EAGLES, Judge.

Defendants first argue that the trial court erred in entering a default judgment against them because defendants' answer was filed before the trial court made an entry of default against them. We agree.

In its 8 July 1993 "Entry of Default," the trial court stated that it was entering a judgment by default against defendants. We have previously clarified that when one party fails to file an answer and the trial court enters a judgment determining the issue of liability but ordering a trial on the issue of damages, the judgment is only an entry of default rather than a default judgment. *See Bailey v. Gooding,* 60 N.C. App. 459, 461, 299 S.E.2d 267, 269, *disc. review denied,* 308 N.C. 675, 304 S.E.2d 753 (1983); *Pendley v. Ayers,* 45 N.C. App. 692, 694, 263 S.E.2d 833, 834 (1980). A judgment by default is a final judgment and the trial court's 8 July 1993 order was not a final judgment because the trial court retained jurisdiction of the case to determine the issue of damages.

[1] Here, the record shows that defendants filed an answer to plaintiff's complaint on 6 July 1993. Judge Orlando F. Hudson, Jr. entered and filed entry of default against defendants on 8 July 1993. (r at 32) After an answer has been filed, even if the answer is untimely filed, a default may not be entered. *N.C.N.B. v. Virginia Carolina Builders,* 307 N.C. 563, 567-68, 299 S.E.2d 629, 632 (1983); *Peebles v. Moore,* 302 N.C. 351, 356, 275 S.E.2d 833, 836 (1981). Accordingly, the trial court erred in entering default against Mary Lou Sullivan for failure to file an answer. We note that in the trial court's entry of default, Judge Hudson stated that "the defendants, Frank and Mary Lou Sullivan have offered no justifiable excuse or explanation for their failure to comply with the Rules of Discovery and the Court finds that the failure to comply was wilful." Plaintiff addressed his interrogatories to Frank Sullivan only. Accordingly, the trial court erred in imposing sanctions on Mary Lou Sullivan for failure to comply with the rules of discovery.

[2] It appears that the trial court sanctioned Frank Sullivan for failure to answer the complaint and for failure to answer plaintiff's

MARTIN v. CONTINENTAL INS. CO.

[123 N.C. App. 650 (1996)]

interrogatories. Rendering a judgment by default is an appropriate sanction for failure to answer interrogatories. G.S. 1A-1, Rule 37(d). However, in the default judgment situation when a plaintiff has alleged joint liability, a default judgment should not be entered against the defaulting defendant if one or more of the defendants do not default. Instead, "entry of judgment should await an adjudication as to the liability of the non-defaulting defendant(s)." *Harris v. Carter*, 33 N.C. App. 179, 182, 234 S.E.2d 472, 474 (1977). Because we have determined that entry of default against Mary Lou Sullivan was error, the trial court should have adjudicated Mary Lou Sullivan's liability before determining whether to enter a default judgment against Frank Sullivan. Accordingly, this case must be remanded for the trial court for a hearing regarding Mary Lou Sullivan's liability. We need not address defendants' remaining assignments of error.

Reversed and remanded.

Judges WYNN and SMITH concur.