HARLOW v. VOYAGER COMMUNICATIONS V

[127 N.C. App. 623 (1997)]

RICHARD F. HARLOW AND JANE R. HARLOW, Plaintiffs v. VOYAGER COMMUNI-
CATIONS V, CARL C. VENTERS AND JACK P. McCARTHY, Defendants

No. COA96-1340

(Filed 4 November 1997)

### 1. Judgments § 166 (NCI4th)— multiple parties—default judgment against one—voluntary dismissal of others—not an adjudication of liability

An order entering a default judgment was vacated where plaintiffs sued three parties, including Voyager, for fraud; Voyager was found to be in contempt of a discovery order; the trial court ordered that default be entered against Voyager and that the case be put on for trial for all issues as to the other defendants and for damages only for Voyager; and plaintiffs voluntarily dismissed their claims against the remaining defendants without prejudice. Where a plaintiff alleges joint liability, a default judgment may not be entered against only one defendant if there are others who have not defaulted until there has been an adjudication of the liability of the non-defaulting defendants. A voluntary dismissal without prejudice does not constitute the required adjudication of the liability of the nondefaulting defendants.

### 2. Appeal and Error § 129 (NCI4th)— default judgment— trial set on damages—appeal interlocutory

An appeal from a default judgment (vacated on other grounds) was interlocutory where the trial court also ordered that the matter be set for trial on damages. An entry of default where damages remain to be determined is not a final order or final judgment.

Appeal by defendant-appellant Voyager Communications V from order entered 10 June 1996 by Judge Beverly Beal in Mecklenburg Superior Court. Heard in the Court of Appeals 21 August 1997.

---

*Smith, Helms, Mulliss, & Moore, L.L.P., by Thomas D. Myrick and Maurice O. Green, for plaintiffs-appellees.*

*Thomas W. Steed, Jr. and Baucom, Claytor, Benton, Morgan, Wood & White, P.A., by Rex C. Morgan, for defendant-appellant.*

WYNN, Judge.

Following the filing of a complaint alleging joint liability against three defendants, the trial court in this case awarded default judgment against one of the defendants. Under North Carolina law, when a plaintiff alleges joint liability against multiple defendants of which only one defaults, a default judgment may not be entered against the defaulting defendant until after the court adjudicates the liability of the non-defaulting defendants. Because the trial court in this case entered default against the defaulting defendant before adjudicating the non-defaulting defendants' liability, we must vacate the order entering default judgment.

In April of 1995, Richard F. Harlow and Jane R. Harlow sued Voyager Communications V ("Voyager"), Carl C. Venters, and Jack P. McCarty alleging joint liability for fraud. In December 1995, after all defendants answered the complaint, the Harlows served defendant Voyager with discovery requests. Based on Voyager's failure to "fully comply" with their discovery requests, the Harlows moved the trial court to compel discovery and to impose sanctions.

In response, the trial court directed Voyager to produce all documents responsive to the Harlows' discovery requests by 24 May 1996 and to make itself available for a further deposition. On that date, Voyager produced some, but not all responsive documents. Additionally, Voyager did not attend the deposition.

On 10 June 1996, the trial court found Voyager in contempt of its earlier order and further ordered that: (1) Voyager's answer be stricken in its entirety, (2) default be entered against Voyager, (3) Voyager pay plaintiffs $500.00 for costs, and (4) the clerk put the case on for trial for damages only as to Voyager and for all issues as to the other defendants. On 5 July 1996, nearly a month after the award of default judgment against Voyager, the Harlows voluntarily dismissed their claims without prejudice against the remaining defendants. Voyager appeals from the 10 June 1996 order.

**[1]** Although neither party addressed the dispositive issue in their briefs, existing case law compels the result in this case. In *Moore v. Sullivan*,[1] we held that where a plaintiff alleges joint liability in the complaint, a default judgment may not be entered against only one of the defendants, if there are other defendants who have not defaulted, *until* there has been an adjudication of the liability of the non-defaulting defendants.[2]

In the present case, the Harlows alleged joint and several liability against the three defendants. The trial court awarded default judgment against one of the defendants, Voyager, on 10 June 1996. At that time, the liability of the remaining two defendants had not been adjudicated. Therefore, the trial court prematurely awarded default judgment against Voyager, and we must vacate the trial court's order and remand for a determination of whether the liability of the remaining defendants has been adjudicated.

We also note that subsequent to the entry of default the plaintiffs took a voluntary dismissal without prejudice of their claims against the other defendants. This action does not constitute the required adjudication of the liability of the non-defaulting defendants. First, it occurred after the entry of the default, and under these circumstances a party should not be allowed to correct the trial court's error by its unilateral action. Moreover, the entrance of a voluntary dismissal is neither an adjudication nor tantamount to an adjudication. By taking a voluntary dismissal without prejudice, plaintiffs reserved the option of reinstating the claim at a later time period. The record in this case does not reveal even now whether that option was exercised. If a plaintiff desires a speedy adjudication against non-defaulting defendants, action equivalent to an adjudication, such as taking a voluntary dismissal with prejudice, must be taken prior to the award of default judgment. In its absence, a default judgment may not be entered against a defaulting defendant that is alleged to have been jointly liable with other non-defaulting defendants.

**[2]** Finally, even if the default judgment was properly before us, we would find this appeal to be interlocutory. The record indicates that following the entry of default, the trial court ordered this matter set for trial on the issue of damages. An entry of default where damage

---

1. 123 N.C. App. 647, 473 S.E.2d 659, 661 (1996).

2. *Id.* at 650, 473 S.E.2d at 661; *see also Leonard v. Pugh*, 86 N.C. App. 207, 210-11, 356 S.E.2d 812, 815 (1987).

remain to be determined is not a final order or a final judgment,[3] and is not reviewable on appeal.[4]

Vacated and Remanded.

Judges GREENE and MARTIN, Mark D., concur.

---

3. *Duncan v. Duncan,* 102 N.C. App. 107, 111, 401 S.E.2d 398, 400 (1991); *Pendley v. Ayers,* 45 N.C. App. 692, 694, 263 S.E.2d 833, 834 (1980).

4. *Duncan,* 102 N.C. App. at 111, 401 S.E.2d at 400.