STEELMAN, Judge.
 

 When the trial court applies the incorrect standard in deciding a motion to set aside an entry of default, we are required to remand the case to the trial court for application of the correct standard.
 

 I. Factual Background
 

 On 8 June 2001, Daniel and Susan Decker (plaintiffs) entered into an agreement to pay Homes, Inc./Construction Management & Financial Group (Homes, Inc.) to construct a new home. Homes, Inc. represented that plaintiffs would be able to move into their new home within nine months. Within eight weeks of entering into the agreement, there were delays in the commencement of construction of the home. Plaintiffs became concerned as to whether construction draws were being properly applied to the work
 
 *498
 
 being performed. Subcontractors refused to finish work because they were not being paid by Homes, Inc. As late as January of 2003, some eighteen months after entering into the agreement, there was no certificate of occupancy for the home. Plaintiffs refused to pay monies to Homes, Inc. and had to pay subcontractors directly. In March of 2003, Homes, Inc. and Don Jones (Jones), a principal of Homes, Inc., filed a claim of lien on plaintiffs' property.
 

 Plaintiffs filed suit against Homes, Inc., Jones and Don Heatherly in the Superior Court of Buncombe County on 6 January 2004.
 
 [1]
 
 This complaint asserted the following claims: (1) breach of contract; (2) breach of warranty; (3) negligence; (4) fraud; (5) unfair and deceptive trade practices; (6) slander of title; (7) punitive damages; and (8) declaratory and injunctive relief pertaining to the claim of lien. On 24 February 2004, the Clerk of Court entered an entry of default against all three defendants.
 

 On 6 April 2004, plaintiffs filed a First Amended Verified Complaint, which added Bruce Storm (Storm) as a party defendant. The amended complaint also added allegations that Homes, Inc. was under-capitalized, was dominated and controlled by the individual defendants, and that the corporate identity of Homes, Inc. should be ignored. It also added a claim for civil conspiracy against the individual defendants. On 29 June 2004, the Clerk of Court entered default as to the Amended Complaint as to all defendants.
 

 On 5 November 2004, plaintiffs filed a motion for entry of a default judgment. On 16 November 2004, the Honorable Ronald K. Payne entered default judgment "on the issue of liability in favor of Plaintiffs against Defendants Homes, Inc./Construction Management & Financial Group, Don Jones, and Bruce Storm," and directed that the case be set for trial on damages at the 18 January 2005 term of court.
 

 On the morning that the trial was to commence, 18 January 2005, defendants filed a Motion to Set Aside Entry of Default and Default Judgment. This motion was denied in open court on 18 January 2005 by Judge Downs. The case proceeded to trial before a jury solely on the issue of damages. On 19 January 2005, the jury returned a verdict in favor of plaintiffs, awarding compensatory damages in the amount of $270,570.35, damages for unfair and deceptive trade practices of $107,408.71, and punitive damages in the amount of $250,000.00. Plaintiffs elected to treble the unfair trade practices damages in lieu of the punitive damages awarded by the jury. On 24 January 2005, Judge Downs entered judgment in the amount of $592,796.48 against defendants and further ordered that defendants' claim of lien be stricken. On 21 March 2005, the trial court awarded attorney's fees to plaintiffs' counsel. On 29 March 2005, the trial court denied defendants' motions for a new trial, relief from judgment, and to set aside default judgment. Defendants appeal.
 

 II. Setting Aside Entry of Default
 

 In their first argument, defendants contend that the trial court erred in denying their motion to set aside entry of default and default judgment. We hold that the trial court applied an incorrect legal standard in ruling on this motion and we remand this portion of the case for further proceedings.
 

 "We have previously clarified that when one party fails to file an answer and the trial court enters a judgment determining the issue of liability but ordering a trial on the issue of damages, the judgment is only an entry of default rather than a default judgment."
 
 Moore v. Sullivan,
 

 123 N.C.App. 647
 
 , 649,
 
 473 S.E.2d 659
 
 , 660 (1996).
 

 In the instant case, Judge Payne entered default judgment against defendants on the issue of liability and directed that the case be set for a jury trial on the issue of damages. Before the case went to trial, defendants filed a motion to set aside entry of default and default judgment. In denying defendants' motion to set aside the entry of default judgment, Judge Downs applied the standard of excusable neglect, and determined that
 
 *499
 
 defendants' conduct did not rise to the level of excusable neglect.
 

 In
 
 Pendley v. Ayers,
 

 45 N.C.App. 692
 
 ,
 
 263 S.E.2d 833
 
 (1980), the Clerk of Court entered default against defendant. Subsequently, a trial judge entered an order granting judgment against defendant as to liability and setting the matter for trial on the issue of damages. Defendant moved to set aside the entry of default and "purported judgment." This motion was denied based upon the failure of defendant to show excusable neglect. In
 
 Pendley,
 
 we held:
 

 Judge Howell was required to find whether defendant had shown good cause for setting aside the default. The test applied by Judge Howell related to setting aside a final judgment. For this reason, his order must be vacated, and the cause is remanded for a hearing to determine whether defendant has shown good cause sufficient enough to set aside the default.
 

 Pendley,
 

 45 N.C.App. at 696
 
 ,
 
 263 S.E.2d at 835
 
 .
 

 The facts of the instant case are in all relevant aspects identical to those in
 
 Pendley.
 
 Our holding in that case is binding precedent which we are obliged to follow.
 
 In re Civil Penalty,
 

 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989).
 

 The order denying the motion to set aside the entry of default must be vacated, and this matter remanded for reconsideration by the trial court as to whether defendants have shown good cause to set aside the default.
 

 In the event that the trial court denies defendants' motion to set aside the entry of default, we address defendants' remaining arguments.
 

 III. Motion for New Trial
 

 In their second argument, defendants contend that the trial court erred in denying their motion for a new trial under Rule 59 of the North Carolina Rules of Civil Procedure.
 

 A. Standard of Review
 

 "It has long been the rule in this State that a motion to set aside the verdict and for a new trial is `addressed to the sound discretion of the trial judge, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal.'"
 
 Glen Forest Corp. v. Bensch,
 

 9 N.C.App. 587
 
 , 589,
 
 176 S.E.2d 851
 
 , 853 (1970) (quoting
 
 Pruitt v. Ray,
 

 230 N.C. 322
 
 ,
 
 52 S.E.2d 876
 
 (1949)). "[A]n appellate court should not disturb a
 
 discretionary
 
 Rule 59 order unless it is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice."
 
 In re Will of Buck,
 

 350 N.C. 621
 
 , 625,
 
 516 S.E.2d 858
 
 , 861 (1999) (citations and quotations omitted).
 

 N.C. R. Civ. P. 59 provides in relevant part:
 

 (a) Grounds. - A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:
 

 (1) Any irregularity by which any party was prevented from having a fair trial;
 

 ...
 

 (5) Manifest disregard by the jury of the instructions of the court;
 

 (6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice;
 

 (7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law;
 

 (8) Error in law occurring at the trial and objected to by the party making the motion, or
 

 (9) Any other reason heretofore recognized as grounds for new trial.
 

 N.C. R. Civ. P. 59 (2005).
 

 B. Scope of Trial Following Entry of Default
 

 "When default is entered due to defendant's failure to answer ... the substantive allegations raised by plaintiff's complaint are no longer in issue, and, for the purposes of entry of default and default judgment, are deemed admitted."
 
 Blankenship v. Town & Country Ford, Inc.,
 

 174 N.C.App. 764
 
 , 767,
 
 622 S.E.2d 638
 
 , 640 (2005) (citations and quotations omitted). Upon entry of default, the defendant will have no further standing to defend on the merits or contest the plaintiff's right to recover.
 
 Spartan
 

 *500
 

 Leasing, Inc. v. Pollard,
 

 101 N.C.App. 450
 
 , 460,
 
 400 S.E.2d 476
 
 , 482 (1991). If a trial on the issue of damages takes place, the only question for determination is the amount of damages.
 
 Bowie v. Tucker,
 

 206 N.C. 56
 
 , 59-60,
 
 173 S.E. 28
 
 , 30 (1934). "[A] judgment by default and inquiry establishes a right of action in plaintiff of the kind stated in the complaint and entitl[es] plaintiff to nominal damages, but ... [t]he facts and attendant circumstances giving character to the transaction and relevant as tending to fix the
 
 quantum
 
 of damages, must be shown ..."
 
 De Hoff v. Black,
 

 206 N.C. 687
 
 , 689-90,
 
 175 S.E. 179
 
 , 180 (1934).
 
 [2]
 
 At a damages hearing following entry of default, evidence showing how the injury occurred is competent, not to exculpate defendants from liability, but to allow the jury to make a rational decision as to the amount of damages to be awarded.
 
 De Hoff,
 

 206 N.C. at 690
 
 ,
 
 175 S.E. at 180
 
 .
 

 C. Admission of Evidence
 

 Defendants contend that the trial court erred in applying the law of contracts to the case. We disagree.
 

 At trial, defendants objected to the admission into evidence of plaintiffs' Exhibit 2, entitled "Purchase Agreement," on the grounds that the document was not the complete and final agreement between the parties. Defendants subsequently attempted to cross-examine Mr. Decker using the back page of the purchase agreement. Counsel for plaintiff objected to the question, and the objection was sustained. Defendants made no proffer of this evidence to the court, the court sustained plaintiffs' objection, and refused to allow defendants to use the document to cross-examine Mr. Decker.
 

 The record reveals that defendants sought to have this evidence admitted for the purpose of contesting liability, not damages. Defendants sought to establish that they were not, in fact, a general contractor, but instead were a "supplier only" and, as such, their liability to plaintiffs was limited. However, the issue of liability had been previously determined by the entry of default. Thus, defendants had no standing to defend the case on the merits.
 
 See Spartan,
 

 101 N.C.App. at 460
 
 ,
 
 400 S.E.2d at
 
 482 and
 
 De Hoff,
 

 206 N.C. at 690
 
 ,
 
 175 S.E. at 180
 
 . We hold that the trial court did not abuse its discretion in denying defendants' motion for a new trial on this ground. This argument is without merit.
 

 D. Compensatory Damages
 

 Defendants contend that the compensatory damages award was excessive and unfounded, and that they are entitled to a new trial. Defendants contend that plaintiffs' evidence showed approximately $180,000.00 in compensatory damages, and that the award of $270,570.35 "bears no relationship to plaintiffs' evidence...." We disagree.
 

 "The trial court may grant a new trial due to `excessive or inadequate damages appearing to have been given under the influence of passion or prejudice[.]'"
 
 Guox v. Satterly,
 

 164 N.C.App. 578
 
 , 581,
 
 596 S.E.2d 452
 
 , 454 (2004) (quoting N.C. R. Civ. P. 59(a)(6) (2003)). "A motion for a new trial on the grounds of [excessive] damages is addressed to the sound discretion of the trial court[,] [and that] ... discretion is practically unlimited."
 

 Id.
 

 at 581
 
 ,
 
 596 S.E.2d at 454-55
 
 (citations and quotations omitted).
 

 The evidence presented at trial set forth with sufficient particularity the compensatory damages suffered by plaintiffs. At the time the parties entered into the contract, defendants provided plaintiffs with a "Summary Sworn Construction Statement," representing that the cost to complete construction of plaintiffs' home would not exceed $240,000.00, which purported to include construction costs and land acquisition. Plaintiffs' Exhibit 1 showed a breakdown of plaintiffs' damages suffered as a result of the poor construction of plaintiffs' home, showing total damages of $185,692.40. Jim Anthony, a licensed home inspector, testified regarding the severe construction defects to plaintiffs' home. Jonathon Frock, a general contractor
 
 *501
 
 licensed in North Carolina, also testified as to plaintiffs' substantial damages. Mr. Frock prepared a spreadsheet and a narrative to demonstrate the severe defects to plaintiffs' home and the anticipated costs to repair those defects, which was approximately $85,000.00. Mr. Frock testified that this was a conservative estimate, and that some of the costs could double once the repairs commenced.
 

 "The trial judge, who actively participated in the trial and had first-hand knowledge of the proceedings, was clearly in a much better position than this Court to determine whether the jury award was excessive."
 
 Lovell v. Nationwide Mut. Ins. Co.,
 

 108 N.C.App. 416
 
 , 426,
 
 424 S.E.2d 181
 
 , 188 (1993) (citation omitted). There is nothing in the instant case to indicate that the trial judge abused his discretion. This argument is without merit.
 

 E. Unfair and Deceptive Practices Damages
 

 Defendants contend that the trial court erred in denying their motion for new trial on the grounds that plaintiffs' evidence at trial was insufficient to justify the verdict. We agree.
 

 The entry of default established the liability of defendants under a theory of unfair and deceptive trade practices. However, in order to recover damages arising from an unfair and deceptive trade practices claim, a plaintiff must prove actual injury as a proximate result of the violation of N.C. Gen.Stat. § 75-1.1.
 
 Bailey v. Le Beau,
 

 79 N.C.App. 345
 
 , 352,
 
 339 S.E.2d 460
 
 , 464 (1986) ("[P]laintiff must prove not only that defendants violated G.S. 75-1.1, but also that plaintiff has suffered actual injury as a proximate result of defendants' misrepresentations."). Further, "[w]here the same source of conduct gives rise to a traditionally recognized cause of action, as, for example, an action for breach of contract, and as well gives rise to a cause of action for violation of G.S. 75-1.1, damages may be recovered either for the breach of contract, or for violation of G.S. 75-1.1, but not for both."
 
 Marshall v. Miller,
 

 47 N.C.App. 530
 
 , 542,
 
 268 S.E.2d 97
 
 , 103 (1980),
 
 modified and aff'd,
 

 302 N.C. 539
 
 ,
 
 276 S.E.2d 397
 
 (1981).
 

 In the instant case, plaintiffs failed to show damages arising from the claim of lien defendants filed on their real property. Further, there was no evidence introduced of damages incurred by plaintiffs as a result of the false representations by defendants giving rise to the unfair and deceptive trade practices claim separate and apart from the damages arising out of their breach of contract claim. Plaintiffs are entitled to one recovery for the same alleged wrongful conduct, but not multiple recoveries under theories of breach of contract and unfair and deceptive trade practices.
 
 Marshall,
 

 47 N.C.App. at 542
 
 ,
 
 268 S.E.2d at 103
 
 ;
 
 United Labs. v. Kuykendall,
 

 335 N.C. 183
 
 , 191-92,
 
 437 S.E.2d 374
 
 , 379 (1993). The entry of default established the liability of defendants under each of these theories, but did not entitle plaintiffs to a double recovery.
 

 We hold that the trial court erred in denying defendants' motion for a new trial on the issue of unfair and deceptive trade practices damages. The damages awarded for unfair and deceptive trade practices must be vacated and the matter remanded for a new trial on the issue of damages arising from this claim.
 

 G. Punitive Damages
 

 Defendants contend that since they did not have an opportunity to present evidence on the issue of punitive damages, they are entitled to a new trial on punitive damages. We agree.
 

 In
 
 Hunter v. Spaulding,
 

 97 N.C.App. 372
 
 , 379,
 
 388 S.E.2d 630
 
 , 635 (1990), we held that it was error for a trial court to submit the question of punitive damages to a jury without affording defendant the opportunity to present evidence in a case where default was entered as a discovery sanction. This is because of the peculiar nature of punitive damages. While the entry of default established the basis for punitive damages under N.C. Gen.Stat. § 1D-15 (2005), it did not establish the factors which the jury was to consider in determining the amount of punitive damages under N.C. Gen.Stat. § 1D-35 (2005). During the retrial on punitive damages, both plaintiffs and defendants may
 
 *502
 
 present evidence pursuant to N.C. Gen.Stat. § 1D-35.
 

 Upon retrial, if plaintiffs are awarded both punitive damages and unfair and deceptive trade practices damages, plaintiffs must elect between these two remedies.
 
 Ellis v. Northern Star Co.,
 

 326 N.C. 219
 
 , 227,
 
 388 S.E.2d 127
 
 , 132 (1990).
 

 IV. Summary of Holdings
 

 Defendants' motion to set aside entry of default is remanded to the trial court for consideration under the correct standard of good cause shown pursuant to N.C. R. Civ. Pro. 55(d). In the event that the trial court denies the motion to set aside entry of default, there must be a new trial on unfair and deceptive trade practices damages and punitive damages. In the event that plaintiffs are awarded both unfair and deceptive trade practices damages and punitive damages, they must elect between the two damages awards.
 

 Assignments of error listed in the record but not argued in appellants' brief are deemed abandoned. N.C. R.App. P. 28(b)(6) (2007).
 

 VACATED and REMANDED in part, AFFIRMED in part.
 

 Judges WYNN and JACKSON concur.
 

 Heatherly subsequently filed bankruptcy and was voluntarily dismissed from the case on 16 November 2004.
 

 We note that while the terminology used in the older cases of "default and inquiry" is no longer applicable under the North Carolina Rules of Civil Procedure, the underlying legal concepts and analysis remain valid.