JAMES ALEXANDER HAWKINS Plaintiff,
v.
NANNIE B. HAWKINS WILLIAMS, ANNE MAE GREEN NEWKIRK, ELNORA H. GREEN Defendants.
No. COA08-632
Court of Appeals of North Carolina
Filed November 18, 2008
This case not for publication
Williams and Bagshawe, LLP, by E.N. Bagshawe, for defendant-appellant.
Stainback, Satterwhite, Burnette & Zollicoffer, PLLC, by Paul J. Stainback, for plaintiff-appellee.
BRYANT, Judge.
Defendants Nannie B. Hawkins Williams (Williams), Ann Mae Green Newkirk (Newkirk), and Elnora H. Green (Green) appeal from the trial court's order entered 29 January 2008, which denied defendants' motions to set aside an entry of default, and from the trial court order entered 24 March 2008, which denied defendants' motions for a new hearing. Because the appeal is taken from interlocutory orders, we dismiss the appeal.
On 21 September 2007, plaintiff James Hawkins ("Hawkins") filed a complaint for alienation of affection and breach of contract against Williams, Newkirk, and Green. Hawkins alleged that in 2004 after he moved from New York to Vance County to care for Williams, his mother, Williams promised him that he would be entitled to live in her home for the rest of his life. In late 2006, Newkirk and Green obtained a power of attorney for Williams that revoked a power of attorney previously held by Hawkins. Hawkins alleged that Newkirk and Green denied him access to Williams and attempted to sell the property that Williams promised to him. Hawkins asked for damages in excess of $10,000.00 against each defendant and for sole ownership of Williams' home.
On 21 September 2007, the complaint and a civil summons were issued to each defendant, but defendants did not file an answer to the complaint within thirty days of being served. Hawkins filed a motion for entry of default on 19 November 2007 against defendant Williams. The Vance County Clerk of Superior Court filed an entry of default against Williams on 19 November 2007. Hawkins also filed a motion for a default judgment on 19 November 2007. On 26 November 2007, defendants' counsel filed an "Answer and Counterclaim" and "Motion Set Aside Entry of Default [sic]." In the motion, counsel claimed that "[t]here ha[d] been no determination of damages" and "the press of other matters ha[d] interfered with the said attorney's ability to timely file[] an answer in this matter."
On 6 December 2007, defendants' acquired new counsel who represented defendants at a hearing to set aside the entry of default. On 29 January 2008, the trial court filed an order denying defendants' motions to set aside the entry of default. On 31 January 2008, defendants' filed a Rule 59 Motion for a new hearing on the denial of the motion to set aside the entry of default. On 24 March 2008, the trial court filed an order which denied defendants' motion for a new hearing but, on 17 April 2008, filed an "Order Allowing Immediate Appeal." Defendants appeal.
Defendants present the following two questions on appeal: whether the trial court erred in (I) denying defendants' motion to set aside the entry of default and (II) failing to include findings of fact and conclusions of law in its orders. For the reasons stated below, we dismiss the appeal.
All judgments are either interlocutory or final judgments:
A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.
Veazey v. Durham, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (internal citations omitted); see also N.C. R. Civ. P. 54(a)(2007).
Generally, there is no right of immediate appeal from interlocutory orders and judgments. This general prohibition against immediate appeal exists because [t]here is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders. However, interlocutory orders are immediately appealable if they: (1) affect a substantial right and (2) [will] work injury if not corrected before final judgment.
Harris v. Matthews, 361 N.C. 265, 269, 643 S.E.2d 566, 568-69 (2007) (internal citations and quotations omitted).
Rule 55 of the North Carolina Rules of Civil Procedure outlines a two-step process for entry of default and default judgments. N.C. R. Civ. P. 55 (2007). "The entry of default, which is the first step, is interlocutory in nature and is not a final judicial action." State Employees' Credit Union, Inc. v. Gentry, 75 N.C. App. 260, 265, 330 S.E.2d 645, 648 (1985) (citation omitted). "Generally, there is first an interlocutory entry of default, and then a final judgment by default only after the requisites to its entry, including a jury trial on damages, have occurred." Stone v. Martin, 69 N.C. App. 650, 652, 318 S.E.2d 108, 110 (1984).
Here, defendants appeal from an order which denies defendants' motion to set aside entry of default. Moreover, the issue of damages has yet to be determined. So, the entry of default does not dispose of all the issues. See Duncan v. Duncan, 102 N.C. App. 107, 110-11, 401 S.E.2d 398, 400 (1991). Therefore, the clerk's entry of default is an interlocutory order. Likewise, the trial court's order denying defendants' motions for a new hearing on the motion to set aside an entry of default is an interlocutory order. See Bailey v. Gooding, 301 N.C. 205, 209, 270 S.E.2d 431, 434 (1980).
The trial court has the discretion to certify an interlocutory judgment for immediate appellate review if it is a final judgment as to one of multiple parties and the trial court determines that there is no just reason for delay. Hudson-Cole Dev. Corp. v. Beemer, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999) (citation omitted). Here, although the trial court entered an order allowing an immediate appeal, there is no final judgment entered as to any of the parties. Thus, the trial court's order purporting to allow an immediate appeal is without effect. First Atl. Mgmt. Corp. v. Dunlea Realty Co., 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998).
In addition to cases where a final judgment is entered as to one of multiple parties, "interlocutory decrees are immediately appealable only when they affect some substantial right of the appellant and will work an injury to him if not corrected before an appeal from final judgment." Bailey, 301 N.C. at 209, 270 S.E.2d at 433 (citation omitted). "[T]he `substantial right' test for appealability of interlocutory orders is more easily stated than applied. It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context . . . ." Waters v. Qualified Pers., Inc., 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). "The reason for these rules is to prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division." Id. at 207, 240 S.E.2d at 343.
Here, defendants have appealed from interlocutory orders yet failed to argue that the trial court's denial of their motions to set aside the entry of default and motions for a new hearing on setting aside the entry of default will affect some substantial right or cause injury to them if not corrected before entry of judgment. Accordingly, we dismiss the appeal.
Dismissed.
Judges TYSON and ARROWOOD concur.
Report per Rule 30(e).