HOMER LUSK v. JERRY WALLACE CASE, JR.

No. 8828SC1010

(Filed 6 June 1989)

1. **Damages § 17.1— automobile accident—instruction on aggrava-tion of condition proper—instruction on activation of dormant condition not called for by evidence**

In an action to recover damages for physical injury arising from an automobile collision, the "aggravation" instruction given by the judge was proper and reflective of the evidence, given the nature of plaintiff's preexisting degenerative type disease which worsens with time and the testimony presented at trial regarding the effect of plaintiff's collision injury on that disease, and the judge's refusal to submit plaintiff's orally requested instruction on activation of a dormant condition was not an abuse of discretion.

2. **Rules of Civil Procedure § 59— inadequate damages—new trial not required**

In an action to recover damages in excess of $10,000 for physical injury arising from an automobile collision where the jury awarded plaintiff $2,500, the trial court did not abuse its discretion in denying plaintiff's motion for a new trial based on an allegedly inadequate award where plaintiff presented no evidence that the award was given "under the influence of passion or prejudice." N.C.G.S. § 1A-1, Rule 59(a)(6).

APPEAL by plaintiff from *Boner (Richard), Judge.* Judgment entered 30 June 1988 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 13 April 1989.

Plaintiff filed this complaint on 6 October 1987, seeking damages in excess of $10,000.00 for physical injury arising from an automobile collision on 8 July 1987. Defendant answered admitting negligence. A trial was subsequently held on the issue of damages at

the conclusion of which the jury awarded plaintiff $2,500.00 Thereafter plaintiff moved for a new trial pursuant to G.S. 1A-1, Rule 59(a) alleging *inter alia* inadequate damage award in light of the evidence presented and error in law committed at trial. From a denial of this post-trial motion and entry of judgment plaintiff appeals.

*Baley, Baley & Clontz, P.A., by Stanford K. Clontz, for plaintiff-appellant.*

*Frank J. Contrivo for defendant-appellee.*

LEWIS, Judge.

Plaintiff brings forward in his brief several assignments of error grouped into two basic arguments. Plaintiff contends that the trial court erred in denying his request for a jury instruction on activation of a dormant condition. He also contends that the trial court abused its discretion and erred in denying his G.S. 1A-1, Rule 59(a) motion for a new trial and entering judgment upon the verdict. We have reviewed the record on appeal and find the proceedings below free of prejudicial error.

[1] "Where a requested instruction is not submitted in writing and signed pursuant to G.S. 1-181 it is within the discretion of the court to give or refuse such instruction." *State v. Harris*, 67 N.C. App. 97, 102, 312 S.E. 2d 541, 544, *disc. rev. denied*, 311 N.C. 307, 317 S.E. 2d 905 (1984). Plaintiff did not submit a written request so it was within the trial judge's discretion whether to give the "activation" instruction.

A trial judge is required to instruct a jury on the law arising from the evidence presented. *Watson v. White*, 60 N.C. App. 106, 298 S.E. 2d 174 (1982), *rev'd on other grounds*, 309 N.C. 498, 308 S.E. 2d 268 (1983). Evidence in the case below revealed that at the time of the automobile collision, plaintiff was in the early stages of a progressive condition known as degenerative disc disease. Although plaintiff stated that prior to the collision he experienced no back pain, medical testimony failed to show that this lack of pain was unusual with this condition. What the evidence affirmatively showed and what the testimony of plaintiff's doctor revealed was that plaintiff's back strain, diagnosed as arising from the accident, "aggravated" or worsened the disc condition. Particularly revealing in light of the issue before us is the following exchange between plaintiff's attorney and plaintiff's doctor:

**LUSK v. CASE**

[94 N.C. App. 215 (1989)]

Q. All right. With regard to this disc, degenerative disc problem, do you have an opinion satisfactory to yourself and to a reasonable degree of medical certainty as to whether this problem could or might have been *activated or aggravated* by this motor vehicle collision injury . . .

A. It is my impression that it was *aggravated* by the accident.

(Emphasis added). Given the nature of plaintiff's degenerative-type disease which worsens with time, and the testimony presented at trial regarding the effect of plaintiff's collision injury on that disease, the "aggravation" instruction given by the judge was proper and reflective of the evidence. The judge's refusal to submit plaintiff's orally requested instruction was not an abuse of discretion. Plaintiff's assignments of error relating to the instruction are overruled.

[2] Finally, we address plaintiff's contention that the jury award was inadequate and that the trial court abused its discretion in not granting his motion for a new trial pursuant to G.S. 1A-1, Rule 59(a)(6). We do not agree.

A trial court's order granting or denying a new trial upon any ground enumerated in G.S. 1A-1, Rule 59 may be reversed on appeal only in those exceptional cases where abuse of discretion is clearly shown. *Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). G.S. 1A-1, Rule 59(a)(6) allows for a new trial when it is shown the excessive or inadequate award was given "under the influence of passion or prejudice"; plaintiff has presented no such evidence and none appears from the record. Plaintiff's argument is without merit.

For the foregoing reasons we find no error.

No error.

Judges ARNOLD and GREENE concur.