JONATHAN GUOX, SHERYN GUOX, AND ILIANA GUOX, BY AND THROUGH THEIR GUARDIAN AD LITEM, STANLEY ABRAMS, AND STANTOS VICENTE GUOX, PLAINTIFFS v. ROBERT ALLEN SATTERLY, DEFENDANT

No. COA03-966

(Filed 1 June 2004)

**1. Trials— motion for new trial—abuse of discretion standard**

The trial court did not err in an action arising out of an automobile accident by setting aside the verdict and by granting plaintiffs' motion for a new trial on the issue of damages to the minor plaintiffs, because: (1) an appellate court may reverse the trial court's decision to grant a new trial, but only in those exceptional cases where abuse of discretion is clearly shown; and (2) a review of the record revealed that the trial court did not abuse its discretion in granting plaintiffs' motion.

**2. Evidence— defendant's testimony—damages**

The trial court did not err in an action arising out of an automobile accident by considering defendant's testimony as a basis for awarding a new trial on the issue of damages to the minor plaintiffs where plaintiff never objected to such testimony at trial, because: (1) a trial court is not prevented from considering specific testimony when ruling on a motion for a new

trial under N.C.G.S. § 1A-1, Rule 59(a)(6) even if a party did not object to it; and (2) Rule 59(a)(6) requires the trial court to find the award of damages to have been influenced by passion or prejudice, and such a determination requires a consideration of the entire record.

**3. Evidence— findings of fact—conclusions of law**

The trial court did not err in an action arising out of an automobile accident by its finding of fact number 12 because it was supported by competent evidence, and the conclusions of law were supported by the findings of fact.

**4. Trials— motion for new trial—abuse of discretion standard—de novo review**

While a trial court's conclusions of law are reviewable de novo, a ruling in the discretion of the trial court such as a decision to grant or deny a motion for a new trial raises no question of law, and thus, the issue before the court is whether the trial court abused its discretion instead of whether the trial court's decision was proper under a de novo review.

Appeal by plaintiff from judgment entered 19 March 2003 by Judge Quentin T. Sumner in Wilson County Superior Court. Heard in the Court of Appeals 20 April 2004.

*Taylor Law Office, by W. Earl Taylor, Jr. for plaintiffs-appellees.*

*Patterson, Dilthey, Clay, Bryson & Anderson, L.L.P., by Carrie E. Meigs, for defendant-appellant.*

STEELMAN, Judge.

Defendant, Robert Satterly, appeals the trial court's order setting aside the verdict previously entered and granting a new trial on the issue of damages to the minor plaintiffs. For the reasons discussed herein, we affirm.

On 3 March 1998, the parties herein were involved in an automobile accident, when defendant's vehicle ran a red light and collided into the vehicle in which plaintiffs were passengers. After the accident occurred, defendant came over to plaintiffs' vehicle to see if anyone was hurt. Defendant stated that when he looked into the vehicle, he saw the driver's wife holding the baby, and in the rear of the car he saw one child standing in the seat, kind of jumping up and

down, and the other child lying on the back seat of the car. The children were initially taken to Wilson Memorial Hospital for treatment of their injuries, but shortly after their arrival they were transferred to Pitt Memorial Hospital in Greenville, North Carolina.

As a result of the accident: (1) minor plaintiff, Sheryn Guox, suffered multiple bruising and a fracture of her clavicle, with some malpositioning of the bone requiring hospitalization for four days; (2) minor plaintiff, Jonathan Guox, suffered a rib fracture and a pulmonary contusion requiring hospitalization for three days; and (3) minor plaintiff, Iliana Guox, suffered a loss of consciousness, multiple skull fractures, and a moderate to severe brain injury requiring hospitalization for five days. Several medical experts presented conflicting evidence as to the nature and extent of Iliana's injuries. Santos Vicente Guox, the minor plaintiffs' mother, incurred medical expenses for the treatment of her children's injuries from the automobile accident in the amount of (1) $5,526.40 for treatment of Sheryn Guox; (2) $9,477.95 for treatment of Jonathan Guox; and (3) $15,523.09 for treatment of Iliana Guox.

An eyewitness testified defendant's light was red when he proceeded into the intersection. At trial defendant did not dispute the eyewitness' statement and accepted responsibility for the accident. The trial judge directed a verdict against defendant on the issue of liability. Consequently, the only issue remaining for the jury was the amount, if any, to award the minor plaintiffs for damages.

After hearing the evidence, the jury awarded damages to the plaintiff, Santos Vicente Guox, for medical expenses for her minor children in the amount of $5,526.40 for Sheryn, $9,477.95 for Jonathan, and $15,523.09 for Iliana. The jury awarded damages for pain, suffering, and permanent injury to the minor plaintiffs in the amount of (1) $2,000.00 for Sheryn; (2) $2,000.00 for Jonathan; and (3) $37,000.00 for Iliana.

On 16 July 2002, plaintiffs filed a motion for a new trial pursuant to N.C. R. Civ. P. 59(a)(6) on the grounds that inadequate damages appeared to have been awarded to the minor plaintiffs based on passion or prejudice. In support of plaintiffs' motion, they cited four pieces of testimony by defendant which they believed contributed to the inadequate damages award: (1) defendant's observations regarding the minor children following the motor vehicle accident, which plaintiffs contend suggested that the children were not wearing proper safety restraints; (2) that he purchased toys and visited the

children both at the hospital and at their home; (3) that he offered money to the family while they were in the hospital to assist with expenses; and (4) that he discontinued contact with the family because he knew they had contacted an attorney and he knew "what was coming next." On 15 March 2003, Judge Sumner granted plaintiffs' motion for a new trial on the issue of damages and set aside the verdicts previously entered on the issue of damages to the minor plaintiffs. As a basis for granting plaintiffs' motion, the trial court cited in its findings of fact those four pieces of testimony from defendant, as well as the extent of the injuries the minor plaintiffs incurred as a result of defendant's negligence. Defendant appealed.

[1] In his first assignment of error, defendant contends the trial court erred in granting plaintiffs' motion for a new trial. We disagree.

The trial court may grant a new trial due to "[e]xcessive or inadequate damages appearing to have been given under the influence of passion or prejudice[.]" N.C. R. Civ. P. 59(a)(6) (2003). " 'A motion for a new trial on the grounds of inadequate damages is addressed to the sound discretion of the trial court[.]' " *Warren v. Gen. Motors Corp.*, 142 N.C. App. 316, 320, 542 S.E.2d 317, 319 (2001) (quoting *Estate of Smith v. Underwood*, 127 N.C. App. 1, 12, 487 S.E.2d 807, 814, *disc. review denied*, 347 N.C. 398, 494 S.E.2d 410 (1997)). After reading the cold record, an appellate court may reverse such a decision, but "only in those exceptional cases where abuse of discretion is clearly shown." *Lusk v. Case*, 94 N.C. App. 215, 217, 379 S.E.2d 651, 652 (1989). Thus, the trial court's discretion is " 'practically unlimited.' " *Anderson v. Hollifield*, 345 N.C. 480, 483, 480 S.E.2d 661, 663 (1997) (quoting *Campbell v. Pitt County Memorial Hosp.*, 321 N.C. 260, 264-65, 362 S.E.2d 273, 275-76 (1987)).

After a careful review of the record, we are unable to say that the trial judge abused his discretion in granting plaintiffs' motion for a new trial. Therefore, we hold that the trial court did not err.

[2] In his second assignment of error, defendant contends the trial court erred in considering his testimony, as referenced above, as a basis for awarding a new trial where plaintiff never objected to such testimony at trial.

In determining whether a damages award was excessive or inadequate due to the influence of passion or prejudice, the trial judge must consider the testimony and evidence presented at trial. Just because a party did not object to specific testimony does not prevent

the trial court from considering it when ruling on a motion for a new trial pursuant to N.C. R. Civ. P. 59(a)(6). While there is no case law directly on point, there are several reasons that support our conclusion. First, nothing in Rule 59(a)(6) requires that such an objection be made at trial in order to serve as grounds for a new trial. We find it telling that another of the grounds listed in Rule 59(a) for awarding a new trial does specifically require such an objection to be made at trial. Rule 59(a)(8) states that the trial court may grant a motion for a new trial where there was an "[e]rror in law occurring at the trial and *objected to* by the party making the motion[.]" N.C. R. Civ. P. 59(a)(8) (2003) (emphasis added). Second, Rule 59(a)(6) requires the trial court to find the award of damages to have been influenced by "passion or prejudice." Such a determination requires a consideration of the entire record. *See Britt v. Allen*, 291 N.C. 630, 634-35, 231 S.E.2d 607, 611 (1977) (noting that where a party moves for a new trial because the verdict is against the greater weight of the evidence, such a motion requires the trial judge to *appraise the testimony given* since the judge has the discretionary power to set the verdict aside). For these reasons, we hold that the trial judge did not err in considering defendant's testimony when ruling on the Rule 59(a)(6) motion for a new trial, even though plaintiffs' counsel never objected to the testimony at trial.

[3] In defendant's third and final assignment of error, he contends Finding of Fact No. 12 is unsupported by competent record evidence and the conclusions of law are unsupported by the findings of fact.

After careful review of the whole record, including the transcripts, we hold the trial court's finding of fact No. 12 is supported by competent evidence in the record.

Defendant further contends Findings of Fact Nos. 13 and 14 are more properly classified as conclusions of law rather than findings of fact.

A determination which requires the exercise of judgment or the application of legal principles is more appropriately a conclusion of law. *In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997). Findings of Fact 13 and 14 read as follows:

13. The court finds, in its considered discretion, that inadequate damages were awarded to the minor plaintiffs, Jonathan Guox, Sheryn Guox, and Iliana Guox.

14. The courts finds, in its considered discretion, that the inadequate damages appear to have been given under the influence of passion or prejudice.

Even though these determinations were stated as findings of fact, they are more properly conclusions of law, as they require the application of legal principles to the facts of the case. "Generally, a judgment is in a form that contains findings, conclusions, and a decree." *Langston v. Johnson*, 142 N.C. App. 506, 508, 543 S.E.2d 176, 178 (2001). Where the lower court fails to follow this exact form, it will not be fatal to the judgment, as the adequacy of a writing purporting to be a judgment "is to be tested by its substance rather than its form." *Id.* Here, we are able to determine that the findings of fact are supported by competent evidence, and in turn the conclusions of law are supported by the findings of fact.

[4] Finally, defendant contends that since the findings of fact, which are more properly classified as conclusions of law are reviewable *de novo*, the inquiry then becomes whether the trial court's decision was proper. While it is true that a trial court's conclusions of law are reviewable *de novo*, *State v. Hyatt*, 355 N.C. 642, 653, 566 S.E.2d 61, 69 (2002), *cert. denied*, 537 U.S. 1133, 154 L. Ed. 2d 823 (2003), that is not the case here. Pursuant to Rule 59(a), the trial court is vested with the discretionary authority to grant or deny a motion for a new trial. *Frye v. Anderson*, 86 N.C. App. 94, 96, 356 S.E.2d 370, 371, *disc. review denied*, 320 N.C. 791, 361 S.E.2d 74 (1987). "A ruling in the discretion of the trial judge *raises no question of law*." *Id.* at 95, 356 S.E.2d at 371 (emphasis added). As a result, the issue before this Court is not whether the trial court's decision was proper under a *de novo* review, as defendant suggests. Rather, our review is limited to whether the trial court abused its discretion, and as we stated above, it did not.

Therefore, the order of the trial court which sets aside the verdict and grants a new trial is affirmed.

AFFIRMED.

Judges WYNN and CALABRIA concur.