SUSAN BOYKIN, ADMINISTRATRIX OF THE ESTATE OF CLAUDIA FAISON, PLAINTIFF V. WILSON MEDICAL CENTER, WILSON EMERGENCY GROUP, P.A., AND JOHN KILLGORE, DEFENDANTS

No. COA09-450

(Filed 22 December 2009)

**Civil Procedure— new trial—invited error doctrine—rigorous trial schedule**

The trial court did not abuse its discretion in a medical malpractice case by granting plaintiff's motion for a new trial. The doctrine of invited error was inapplicable since plaintiff did nothing to induce the trial court to impose such a rigorous schedule, and the decision of whether the rigorous trial schedule compromised justice rested with the presiding trial judge who was able to personally observe the effects of the trial schedule upon the jurors.

Appeal by Defendants from order entered 6 October 2008 by Judge Milton F. Fitch, Jr. in Wilson County Superior Court. Heard in the Court of Appeals 14 October 2009.

*Ferguson, Stein, Chambers, Gresham & Sumter, P.A., by Adam Stein, for plaintiff-appellee.*

*Smith Moore Leatherwood LLP, by Sidney S. Eagles, Jr., Elizabeth Brooks Scherer, Matthew Nis Leerberg; and Teague Campbell Dennis & Gorham, LLP, by Carrie E. Meigs and Courtney S. Britt, for defendant-appellant Wilson Medical Center.*

*John Killgore, pro se defendant-appellant.*

BOYKIN v. WILSON MED. CTR.

[201 N.C. App. 559 (2009)]

STEELMAN, Judge.

Where the trial court granted Plaintiff's motion for a new trial pursuant to Rule 59(a)(9) of the North Carolina Rules of Civil Procedure based upon juror and counsel fatigue, we discern no abuse of discretion. The failure of Plaintiff to object to the trial court's schedule did not prohibit the trial court from considering the schedule in determining whether a new trial should be awarded under Rule 59(a)(9). Where the trial court unilaterally imposed a harsh trial schedule upon the parties, the concept of invited error is not applicable.

## I. Procedural Background

On 11 August 2006, Susan F. Boykin, Administratrix of the Estate of Claudia Faison (Plaintiff) filed a complaint against Wilson Medical Center, Wilson Medical Group, P.A., and John E. Killgore (Defendants) seeking monetary damages based upon the alleged negligence of Defendants as health care providers. This case was calendared for trial at the 30 June 2008 session of civil superior court for Wilson County. At the call of the calendar, counsel for the parties advised the trial court that the trial of the case would take at least seven days. Friday of that week was the 4th of July holiday. The presiding judge announced that he was going to attempt to finish the trial before the 4th of July.

Jury selection began on Monday, 30 June, and the jury was empaneled at 6:00 p.m. Court was adjourned at 7:15 p.m., and the trial resumed at 9:30 a.m. on Tuesday morning. At 9:25 p.m. on Tuesday, court was adjourned, and the trial resumed at 9:30 a.m. Wednesday morning. At 9:40 p.m. on Wednesday, court was adjourned, and the trial resumed at 9:30 a.m. Thursday morning. The jury left the courtroom to deliberate just after 10:00 p.m., and returned with a verdict at 10:45 p.m. The jury determined that Defendants were not negligent in causing injuries to Claudia Faison. On 21 July 2008, a judgment in favor of Defendants was filed.

On 1 August 2008, Plaintiff filed a motion for a new trial pursuant to Rule 59(a)(9) of the North Carolina Rules of Civil Procedure. The basis for the motion was the "marathon trial schedule" imposed by the trial court and its impact upon jurors and lawyers. On 6 October 2008, the trial court filed an order granting Plaintiff's motion for a new trial. Defendants appeal.

## II. Standard of Review

"It has been long settled in our jurisdiction that an appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982) (citations omitted).

## III. North Carolina Rule of Civil Procedure 59(a)(9)

N.C. Gen. Stat. § 1A-1, Rule 59 provides, in part:

Rule 59. New trials; amendment of judgments.

(a) Grounds.—A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:

. . . .

(9) Any other reason heretofore recognized as grounds for new trial.

N.C. Gen. Stat. § 1A-1, Rule 59(a)(9) (2007). "This provision recognizes the traditional and inherent discretionary power of the court to order a new trial when the ends of justice will be served . . . ." 2 G. Gray Wilson, *North Carolina Civil Procedure* § 59-12, at 59-23 (3d ed. 2007) (citing *Sizemore v. Raxter*, 58 N.C. App. 236, 293 S.E.2d 294 (1982)). This provision also permits the trial court to order a new trial where "a palpable miscarriage of justice would result[,]" *Bundy v. Sutton*, 207 N.C. 422, 427, 177 S.E. 420, 422 (1934); where justice and equity so require, *Walston v. Greene*, 246 N.C. 617, 617, 99 S.E.2d 805, 806 (1957); or when it would work an injustice to let the verdict stand, *Selph v. Selph*, 267 N.C. 635, 637, 148 S.E.2d 574, 575-76 (1966).

The power vested in the trial courts pursuant to this provision are very broad indeed, and should be exercised carefully and reluctantly. *In re Buck*, 350 N.C. 621, 626, 516 S.E.2d 858, 861 (1999). "This is so because the exercise of this discretion sets aside a jury verdict and, therefore, will always have some tendency to diminish the fundamental right to trial by jury in civil cases which is guaranteed by our Constitution." *Id.*

### IV. Judge Fitch's Order

The order granting Plaintiff's motion for a new trial contained the following findings of fact:

7. By the time the jury began its deliberations, the jurors had already been in court for approximately 46 hours over four days: from 10 a.m. until 7:30 p.m. on Monday (9.5 hours); from 9:30 a.m. until 9:30 p.m. on Tuesday (12 hours); from 9:30 a.m. until 9:30 p.m. on Wednesday (12 hours); and already from 9:30 a.m. until 10:00 p.m. on Thursday (12.5 hours) and with the work of deliberations still ahead of them.

. . . .

9. The Court concludes, in retrospect, that by the time the case was coming to an end with the closing arguments, the Court's instructions, and jury deliberations, the jurors were so exhausted that their ability to give proper attention and consideration to the case was significantly compromised.

. . . .

11. Furthermore, and in retrospect, the choice the Court put to the tired jurors whether to begin deliberations and finish up that night or to return on the Fourth of July put a burden on them to depart from a process of calm, fair, and unhurried deliberation to which the parties were entitled. Instead, the choice very likely pushed the jurors to a hurried verdict driven by a desire to finish with the case so that they could enjoy the three day Fourth of July weekend.

The order specifically stated that it was entered pursuant to Rule 59(a)(9) of the Rules of Civil Procedure and referenced the "discretionary power of the court to order a new trial when the ends of justice will be served and when justice and equity so require."

### V. Invited Error

In their first argument, Defendants contend that the trial court erred in granting Plaintiff's motion for a new trial because Plaintiff failed to object to the trial schedule as proposed by the trial court at the commencement of the trial. We disagree.

Defendants argue the failure of Plaintiff to object created "invited error" and waived any right to seek a new trial based upon the trial schedule and its resulting consequences.

Invited error has been defined as

"a legal error that is not a cause for complaint because the error occurred through the fault of the party now complaining." The evidentiary scholars have provided similar definitions; e.g., "the party who induces an error can't take advantage of it on appeal", or more colloquially, "you can't complain about a result you caused."

21 Charles Alan Wright and Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5039.2, at 841 (2d ed. 2005) (footnotes omitted); *see also Frugard v. Pritchard*, 338 N.C. 508, 512, 450 S.E.2d 744, 746 (1994) ("A party may not complain of action which he induced." (citations omitted)).

Defendants acknowledge that this Court held in the case of *Guox v. Satterly* that the failure of the plaintiff to object to testimony at trial did not preclude the trial court from considering that testimony upon a motion for a new trial under Rule 59(a)(6) (excessive or inadequate damages appearing to have been given under the influence of passion or prejudice). 164 N.C. App. 578, 582, 596 S.E.2d 452, 455, *disc. review denied*, 359 N.C. 188, 606 S.E.2d 906 (2004). However, Defendants contend *Guox* is distinguishable because it did not involve invited error and because the prejudicial evidence in *Guox* was introduced by the party who was not moving for a new trial. Defendants assert that they are blameless for the consequences arising out of the rigorous schedule imposed by the trial court.

It is clear from the record that all counsel advised the court that the case would take seven days of trial to complete. The trial court made the decision to shoehorn the case into three and a half days. None of the parties objected, and all parties worked diligently to comply with the trial court's desired schedule. Where the trial court unilaterally imposed a rigorous trial schedule without any encouragement from the parties, any error in that schedule cannot be said to have "occurred through the fault of the party now complaining." 21 Charles Alan Wright and Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5039.2, at 841. Plaintiff did nothing to induce the trial court to impose such a rigorous schedule. Therefore, the doctrine of invited error is inapplicable.

Under Rule 59(a)(9) the question presented is whether there was "a palpable miscarriage of justice" such that the jury verdict should not be allowed to stand. This inquiry goes to the fundamental fairness and justice of the trial and the verdict. As in *Guox*, the trial judge is

not limited in its consideration of these matters by whether or not a party objected to evidence, or in this case, the trial schedule. This argument is without merit.

### VI. Abuse of Discretion

In their second argument, Defendants contend that the trial court abused its discretion in determining that Plaintiff was prejudiced by the trial schedule. We disagree.

Defendants renew their arguments that Plaintiff's failure to object constituted invited error. They further assert that whatever prejudice resulted from the trial court's rigorous schedule was borne equally by all parties and their counsel, and not exclusively by Plaintiff.

As noted above, the decision on whether or not to grant a new trial pursuant to Rule 59(a)(9) rests in the sound discretion of the trial judge. Our Supreme Court has characterized this discretion as being "practically unlimited." *Settee v. Electric Ry.*, 170 N.C. 365, 367, 86 S.E. 1050, 1051 (1915).

> We believe that our appellate courts should place great faith and confidence in the ability of our trial judges to make the right decision, fairly and without partiality, regarding the necessity for a new trial. Due to their active participation in the trial, their first-hand acquaintance with the evidence presented, their observances of the parties, the witnesses, the jurors and the attorneys involved, and their knowledge of various other attendant circumstances, presiding judges have the superior advantage in best determining what justice requires in a certain case.

*Worthington*, 305 N.C. at 487, 290 S.E.2d at 605.

Judge Fitch was in a far better position to determine whether his ill-advised trial schedule resulted in "a palpable miscarriage of justice" than can we based upon a cold record. The trial court was able to personally observe the level of fatigue in the attorneys and jurors, and to gauge the level of attentiveness of the jurors. These things clearly weighed heavily in Judge Fitch's decision to grant a new trial, but are intangible factors which an appellate court cannot possibly evaluate.

Given all of these factors, we cannot say that the trial court abused its discretion in granting Plaintiff's motion for a new trial. This argument is without merit.

**BOYKIN v. WILSON MED. CTR.**

[201 N.C. App. 559 (2009)]

## VII. Findings of Fact

In their third argument, Defendants contend that the trial court's findings that the jury was influenced by fatigue or acted with an improper motive was not supported by competent evidence. We disagree.

Defendants argue that the trial court's order grossly overstates the amount of time that the jury was in the courtroom hearing the case, failing to subtract the time that the jury was on break or outside of the courtroom while non-jury matters were considered. They argue that the record, with only one exception, contains no complaint of or indications of juror fatigue.

As discussed above, the issue was whether there was "a palpable miscarriage of justice" in this case. Whether the jurors were in the courtroom for the entire time recited by the trial court in finding of fact 7 is not determinative of this issue. Even if they were not in the courtroom, the jurors were away from their homes, jobs, and daily routines. They were placed in a new, stressful environment. The decision of whether the rigorous trial schedule compromised justice in this case must of necessity rest with the presiding trial judge who was able to personally observe the effects of the trial schedule upon the jurors. The lack of specific documentation of complaints in the record does not mean that the findings of the trial court are unsupported.

Finally, Defendants contend that the trial court's conclusion that the decision of the jury to conclude the trial on the night of 3 July "very likely pushed the jurors to a hurried verdict driven by a desire to finish with the case so that they could enjoy the three day Fourth of July weekend" is merely conjecture, not supported by any evidence in the record.

The record shows that the jury deliberated for approximately forty-five minutes, returning a verdict at 10:45 p.m. on 3 July. Even if this finding is somewhat based upon speculation by the trial court, its other findings as to juror exhaustion adequately support the trial court's discretionary ruling to grant a new trial.

The trial court did not abuse its discretion in granting Plaintiff's motion for a new trial. The order of the trial court is affirmed.

AFFIRMED.

Judges ELMORE and HUNTER, JR., Robert N. concur.