**CHAFFINS v. TAR HEEL CAPITAL CORP.**

[230 N.C. App. 156 (2013)]

SONYA CHAFFINS, EMPLOYEE, PLAINTIFF-APPELLEE
v.
TAR HEEL CAPITAL CORPORATION, EMPLOYER, AND COMPANION PROPERTY
& CASUALTY CO., CARRIER, DEFENDANT-APPELLANTS

No. COA13-332

Filed 5 November 2013

**Workers' Compensation—medical expenses—injury—no causal relationship**

The Industrial Commission erred in a workers' compensation case by ordering defendants to compensate plaintiff for medical expenses related to the treatment of plaintiff's right shoulder and neck. No competent evidence supported the trial court's finding of a causal relationship between plaintiff's 7 October 2010 fall and her right shoulder and neck injury.

Appeal by defendants Tar Heel Capital Corporation and Companion Property & Casualty Co. from the opinion and award of the Industrial Commission filed 6 February 2013. Heard in the Court of Appeals 28 August 2013.

*Williams & Mills, PLLC, by Reed G. Williams, for plaintiff-appellee.*

*Rudisill, White & Kaplan, PLLC, by Stephen Kushner, for defendant-appellants.*

McCULLOUGH, Judge.

Defendants Tar Heel Capital Corporation, the employer, and Companion Property & Casualty Co., the insurance carrier, appeal from the opinion and award of the Industrial Commission (the "Commission") in favor of employee Sonya Chaffins ("plaintiff"). For the following reasons, we reverse.

## I. Background

This workers' compensation action stems from an admittedly compensable back injury suffered by plaintiff on 1 August 2002. Since that time, plaintiff has undergone eleven different surgeries on her spine and has required continuing treatment. Plaintiff initially received indemnity and medical compensation as a consequence of her injury. However, on 24 April 2007, the parties entered into a Partial Agreement for Final

Compromise Settlement and Release that resolved the indemnity portion of plaintiff's claim; the medical portion of plaintiff's claim remains open to this day. The Partial Agreement for Final Compromise Settlement and Release was approved by the Commission by order filed 7 June 2007.

As a result of plaintiff's back injury and subsequent surgeries, plaintiff's legs occasionally buckle, causing her to fall. Pertinent to this case, plaintiff fell on 7 October 2010 when her left leg gave out as she was getting into her car. Plaintiff testified that when she began to fall, she attempted to catch herself by grabbing the car door with her right hand. Plaintiff's attempt, however, was unsuccessful and she fell to the ground, twisting her right shoulder. Plaintiff indicated that she experienced severe pain in her right shoulder as a result of the fall.

After several months without treatment, plaintiff's nurse case manager, Ms. Lisa Hollifield, referred plaintiff to Dr. Jesse L. West, IV, for treatment of plaintiff's right shoulder. At that time, Dr. West was an orthopedic surgeon at Carolina Hand and Sports Medicine, P.A., whose practice focused on the upper extremities. Dr. West first examined plaintiff on 31 January 2011. Following the examination, Dr. West formed the initial impression that plaintiff suffered severe biceps tendonitis and right shoulder impingement. For treatment, Dr. West provided plaintiff steroid injections to the areas of plaintiff's discomfort and ordered six weeks of physical therapy for iontophoresis and rotator cuff strengthening.

On 21 March 2011, plaintiff returned to Dr. West for a follow-up appointment. Due to plaintiff's lack of improvement and continued right shoulder pain, Dr. West changed his impression to possible right-side cervical radiculopathy and ordered either an MRI or CT myelogram to evaluate plaintiff for cervical stenosis.

At that point, on 28 March 2011, Ms. Hollifield was notified that defendants would not authorize any further treatment to plaintiff's right shoulder, effectively denying the compensability of plaintiff's right shoulder injury.

Nevertheless, a CT myelogram was performed and plaintiff returned to Dr. West for a third appointment on 18 April 2011. Upon review of the CT myelogram, Dr. West noted that plaintiff suffered from multilevel degenerative disc disease with central canal stenosis and changed his impression to right-side cervical radiculopathy. Because plaintiff's right shoulder injury was related to her neck, Dr. West then referred plaintiff to Dr. Stephen M. David, an orthopedic surgeon whose practice focused on the spine, for a consultation. Plaintiff, however, never saw Dr. David concerning her neck and shoulder.

Plaintiff initiated the present action on 22 June 2011 by filing a Form 33 request for a hearing. Following defendants' Form 33R response, the matter came on for hearing on 15 December 2011 in Asheville before Deputy Commissioner Melanie Wade Goodwin. On 26 July 2012, an opinion and award by Deputy Commissioner Goodwin was filed ruling in favor of plaintiff. Defendants appealed to the full commission.

The full commission heard the matter on 5 December 2012. Thereafter, an opinion and award for the full commission was filed on 6 February 2012 affirming the deputy commissioner's opinion and award with minor modifications. The full commission concluded plaintiff's fall on 7 October 2010 "and the consequent injury to her right shoulder and neck, were a direct and natural result of her admittedly compensable injury of 1 August 2002[]" and ordered defendants to pay medical expenses related to the treatment of plaintiff's right shoulder and neck. Defendants appealed to this Court.

## II. Discussion

On appeal, defendants contend the Commission erred in ordering them to compensate plaintiff for medical expenses related to the treatment of plaintiff's right shoulder and neck. Specifically, defendants argue there is no competent evidence to support the Commission's conclusion that the injury to plaintiff's right shoulder and neck was "a direct and natural result of her admittedly compensable injury of 1 August 2002." For the sake of clarity, we emphasize that the issue on appeal is not whether plaintiff's fall on 7 October 2010 was a result of her admittedly compensable injury of 1 August 2002; but whether the injury to plaintiff's neck, which was determined to be the cause of plaintiff's right shoulder pain, was a result of plaintiff's 7 October 2010 fall and, therefore, related back to plaintiff's admittedly compensable injury.

This Court's review of an opinion and award of the Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This 'court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.' " *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citation omitted) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)). "The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Anderson*, 265 N.C. at 433-34, 144 S.E.2d at 274.

CHAFFINS v. TAR HEEL CAPITAL CORP.

[230 N.C. App. 156 (2013)]

In the instant case, the Commission issued numerous findings of fact that summarize and recite medical records and testimony.[1] Based on the evidence in these purported findings of fact, the Commission then issued its ultimate finding of fact and conclusion of law concerning causation. In what the Commission labeled conclusion of law number two, the Commission found, "[w]hen Plaintiff attempted to prevent her 7 October 2010 fall by grabbing her car door handle with her right hand, she injured her right shoulder and neck." *See State ex rel. Utilities Comm. v. Eddleman*, 320 N.C. 344, 351, 358 S.E.2d 339, 346 (1987) ("Findings of fact are statements of what happened in space and time."). The Commission then concluded "[t]his [fall], and the consequent injury to her right shoulder and neck, were a direct and natural result of her admittedly compensable injury of 1 August 2002." *See Guox v. Satterly*, 164 N.C. App. 578, 582, 596 S.E.2d 452, 455 (2004) ("A determination which requires the exercise of judgment or the application of legal principles is more appropriately a conclusion of law.").

Having pinpointed the Commission's ultimate finding that plaintiff injured her right shoulder and neck in her 7 October 2010 fall, we now review the record for any competent evidence supporting the finding. Upon review, we find no such evidence.

"In a workers' compensation claim, the employee 'has the burden of proving that his claim is compensable.' " *Holley v. ACTS, Inc.*, 357 N.C. 228, 231, 581 S.E.2d 750, 752 (2003) (quoting *Henry v. A.C. Lawrence Leather Co.*, 231 N.C. 477, 479, 57 S.E.2d 760, 761 (1950)).

> A subsequent injury is compensable if it is the direct and natural result of a compensable primary injury. As long as the primary injury is shown to have arisen out of and in the course of employment, then every natural consequence flowing from that injury likewise arises out of the employment. The subsequent injury is not compensable if it is the result of an independent, intervening cause.

*Nale v. Ethan Allen*, 199 N.C. App. 511, 515, 682 S.E.2d 231, 235 (2009) (citation omitted). "Still, 'the employment-related accident need not be the sole causative force to render an injury compensable' so long as competent evidence proves it to be a 'causal factor.' " *Cawthorn v. Mission Hosp., Inc.*, 211 N.C. App. 42, 47, 712 S.E.2d 306, 310 (2011)

---

1. Although evidence in the record supports these purported findings of fact, we note that "findings of fact must be more than a mere summarization or recitation of the evidence . . . ." *Lane v. American Nat'l Can Co.*, 181 N.C. App. 527, 531, 640 S.E.2d 732, 735 (2007).

(quoting *Holley*, 357 N.C. at 231–32, 581 S.E.2d at 752 (internal quotation marks and citations omitted)).

As explained by our Supreme Court,

> [t]he quantum and quality of the evidence required to establish *prima facie* the causal relationship will of course vary with the complexity of the injury itself. There will be many instances in which the facts in evidence are such that any layman of average intelligence and experience would know what caused the injuries complained of. On the other hand, where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury.

*Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980) (internal quotation marks and citations omitted). "Although medical certainty is not required, an expert's 'speculation' is insufficient to establish causation." *Holley*, 357 N.C. at 234, 581 S.E.2d at 754. " 'The evidence must be such as to take the case out of the realm of conjecture and remote possibility, that is, there must be sufficient competent evidence tending to show a proximate causal relation.' " *Id.*, 357 N.C. at 232, 581 S.E.2d at 753 (quoting *Gilmore v. Hoke Cty. Bd. of Educ.*, 222 N.C. 358, 365, 23 S.E.2d 292, 296 (1942)). "Stating an accident 'could or might' have caused an injury, or 'possibly' caused it is not generally enough alone to prove medical causation; however, supplementing that opinion with statements that something 'more than likely' caused an injury or that the witness is satisfied to a 'reasonable degree of medical certainty' has been considered sufficient." *Carr v. Dep't. of HHS (Caswell Ctr.)*, __ N.C. App. __, __, 720 S.E.2d 869, 873 (2012).

As noted above, upon review of the CT myelogram in this case, Dr. West noted that plaintiff suffered from multilevel degenerative disc disease with central canal stenosis and changed his impression to right-side cervical radiculopathy. Given the complex nature of plaintiff's injury, testimony from plaintiff that the pain in her shoulder and neck did not occur until after her 7 October 2010 fall was insufficient to support the finding of a causal relationship. *See Young v. Hickory Business Furniture*, 353 N.C. 227, 232, 538 S.E.2d 912, 916 (2000) (temporal proximity is not competent evidence of causation when addressing a complicated medical condition). Instead, evidence of medical causation was necessary.

**CHAFFINS v. TAR HEEL CAPITAL CORP.**

[230 N.C. App. 156 (2013)]

As recited in the Commission's purported finding of fact number twelve, the only medical evidence supporting the finding that plaintiff injured her right shoulder and neck in the 7 October 2010 fall is a notation made in plaintiff's medical record by Dr. West during plaintiff's 18 April 2011 visit. That notation states, "[h]er new onset shoulder pain that occurred from her fall in October 2010 appears to be in fact related to her neck[.]" The Commission then found that "Dr. West testified that it was at least as likely as not that [p]laintiff's complaints of pain were consistent with the injury mechanism [p]laintiff described to him."

Although the notation in the medical record appears to support the Commission's finding, we hold the notation is not competent evidence of causation given that the notation was not Dr. West's opinion. As Dr. West explained the medical record at his deposition, he discounted the notation by testifying that "[t]hat was the history related [sic] to me at the initial visit." Furthermore, Dr. West's statement that "[i]t's at least as likely as not[]" that plaintiff's complaints of pain were consistent with the injury mechanism plaintiff described is insufficient to establish a causal relationship. Dr. West's statement merely amounts to speculation.

The speculative nature of Dr. West's opinion is further evident from his responses that "[i]t's possible" or "50/50" that plaintiff's right shoulder and neck injury was consistent with the injury mechanism plaintiff described. Dr. West testified that it was also possible that plaintiff's degenerative disc disease in and of itself, just occurring naturally over time, could have caused plaintiff's neck condition. Moreover, Dr. West could not state within a reasonable degree of medical certainty that plaintiff's degenerative disc disease in her cervical spine was exacerbated or made symptomatic by her 7 October 2010 fall.

### III. Conclusion

For the reasons discussed above, we find no competent evidence to support the trial court's finding of a causal relationship between plaintiff's 7 October 2010 fall and her right shoulder and neck injury. As a result, we reverse the decretal portions of the Commission's opinion and award ordering defendants to compensate plaintiff for the treatment of her right shoulder and neck.

Reversed.

Judges HUNTER (Robert C.) and GEER concur.